IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| TRACEY MURPHY #835047 | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv1006 |
| MELVIN MASSENBURGE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Tracey Murphy, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Melvin Massenburge and the Texas Department of Criminal Justice.

I. The Plaintiff's Claims and the Magistrate Judge's Report

Murphy complains of an incident which occurred on April 18, 2016 at the Beto Unit of TDCJ, in which he claims that excessive force was used against him and he received a disciplinary case in retaliation for reporting the use of force. Murphy acknowledges that he has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Murphy v. Greenway, et al.*, civil action no. 1:04cv85 (N.D.Tex., May 28, 2004) (stating that Murphy has three strikes). As a result, Murphy is subject to the three-strikes bar of 28 U.S.C. §1915(g), which provides that a prisoner who has filed at least three previous lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent

1

danger of serious physical injury as of the time of the filing of the lawsuit or appeal. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Allegations of past harm do not suffice to demonstrate imminent danger; rather, the harm must be imminent or occurring at the time the complaint is filed, and the exception refers to a genuine emergency where time is pressing. *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," failed to sufficiently allege imminent danger). Murphy's lawsuit alleged only past harms, not imminent danger, and thus failed to meet the requirement of the statute.

Although Murphy alleged in his complaint and in a separate motion for leave to proceed *in forma pauperis* under imminent danger that he suffered from depression, panic attacks, and nightmares as a result of the incident, the Magistrate Judge concluded that these allegations did not show imminent danger of serious physical injury, citing *Lyles v. Dretke*, civil action no. 6:08cv382, 2009 U.S. Dist. LEXIS 20849, 2009 WL 722076 (E.D.Tex., March 16, 2009), *Calton v. Wright*, civil action no. 6:14cv212, 2014 U.S. Dist. LEXIS 73831, 2014 WL 2300436 (E.D.Tex., April 15, 2014), and *Beasley v. Holman*, civil action no. 6:10cv660, 2011 U.S. Dist. LEXIS 74576, 2011 WL 2690128 (E.D.Tex., July 11, 2011) (order denying reconsideration). The Magistrate Judge also rejected Murphy's equal protection and access to courts challenges to the constitutionality of §1915(g), stating that the Fifth Circuit has already held the statute constitutional on these bases. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

The Magistrate Judge therefore recommended that Murphy's application for leave to proceed *in forma pauperis* be denied and that Murphy's lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of his lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. However, should Murphy pay the full filing fee of $400.00 within 15 days after the date of entry of

dismissal, the Magistrate Judge recommended that he be allowed to proceed as though the full fee had been paid from the outset.

## II. The Plaintiff's Objections

After re-stating his claims, Murphy's objections to the Magistrate Judge's Report argue that he is "clearly under imminent danger of serious physical injury." He states that he is now housed on the Estelle Unit and was assaulted there on August 24, 2016, after the filing of the lawsuit. Murphy argues that "the result of this use of force is a continuing factor of imminent danger of serious physical injury while housed in the Texas Department of Criminal Justice for the lawsuits being filed."

Murphy further argues that the fact the statute does not "impose a direct implication of what type of harm or imminent danger of serious physical injury" violates his right of access to court. He contends that past harms are evidence of whether or not there is a real and immediate threat of repeated injury and states that he fears being harmed or killed by TDCJ officers, placing him in imminent danger.

## III. Discussion

The Fifth Circuit has held that to avoid the bar of §1915(g), a claim of imminent danger must relate to the allegations of the complaint. *Judd v. Federal Election Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009) (allegation that prisoner was in imminent danger as a result of his medical condition and from other prisoners did not relate to the claims forming the basis of his lawsuit and thus did not invoke the exception to §1915(g)).

Murphy offers nothing to show that an incident occurring in August of 2016 at the Estelle Unit was in any way related to the incident which occurred in April of 2016 at the Beto Unit, over 100 miles away. *Stine v. Federal Bureau of Prisons Designation and Sentence Computation Unit*, 571 F.App'x 352, 2014 U.S. App. LEXIS 10977 (5th Cir., June 12, 2014) (rejecting claim of imminent danger because the prisoner "failed to plausibly plead any connection between the alleged

imminent danger in Colorado and his claims against the BOP defendants in Texas"); *see also McClure v. Livingston*, civil action no. 5:12cv56, 2012 U.S. Dist. LEXIS 169406, 2012 WL 5987408 (E.D.Tex., November 29, 2012) (incident occurring on Wynne Unit of TDCJ did not show imminent danger with regard to claims occurring at the Telford Unit months before the complaint was filed); *Quick v. Anderson*, civil action no. 3:06cv2096, 2006 U.S. Dist. LEXIS 89993, 2006 WL 3626968 (N.D.Tex., December 13, 2006) (plaintiff's claims arose in the Hunt County Jail but he was transferred to the Stiles Unit of TDCJ prior to filing the lawsuit; because he was no longer at the jail, he was not under imminent danger of serious physical injury with respect to the claims alleged in the complaint). Murphy's reference to an incident at the Estelle Unit does not show that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit, some seven weeks earlier at a different unit. This objection is without merit.

Murphy also alleges that he is in "constant danger" and the use of force at the Estelle Unit is a "continuing factor" showing imminent danger of serious physical injury while housed in TDCJ for the lawsuits being filed. Prisoners cannot exempt themselves from the operation of §1915(g) by claiming that they are in imminent danger at all times and under all circumstances. *See Calton v. Wright*, civil action no. 6:12cv344, 2012 U.S. Dist. LEXIS 107329, 2012 WL 3135682 (E.D.Tex., June 29, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 107324, 2012 WL 3135675 (E.D.Tex., August 1, 2012, appeal dismissed), *citing Abdul-Akbar*, 239 F.3d at 315; *Althouse v. Murray*, civil action no. 6:11cv608, 2011 U.S. Dist. LEXIS 153399, 2011 WL 7403058 (E.D.Tex., November 18, 2011), *Report adopted at* 2012 U.S. Dist. LEXIS 21230, 2012 WL 555411 (E.D.Tex., February 17, 2012, appeal dismissed).

While Murphy again argues that the statute violates due process and equal protection, the Magistrate Judge correctly determined that these claims are foreclosed by Fifth Circuit precedent. *Carson*, 112 F.3d at 821; *Cardenas v. Young*, 655 F.App'x 183, 2016 U.S. App. LEXIS 12466 (5th Cir, July 6, 2016) (§1915(g) does not block access to the courts and is not unconstitutional), *citing Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). This objection is without merit.

4

In order to meet the statutory exception in 28 U.S.C. §1915(g), Murphy must offer specific facts showing that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit. *Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31288, 2011 WL 1113496 (E.D.Tex., March 24, 2011) (vague and conclusory allegations of imminent danger are not sufficient). Because he failed to do so, his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g., Butler v. Williams*, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152, 2012 WL 987562 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal).

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 2) and motion for leave to proceed *in forma pauperis* under imminent danger (docket no. 3) are **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

5

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **9** day of **January, 2017.**

_____
Ron Clark, United States District Judge